**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.T.**

**No. 22-0372** (Harrison County 20-JA-181-2)

**MEMORANDUM DECISION**

Petitioner Father T.W.[1] appeals the Circuit Court of Harrison County's April 15, 2022, order terminating his parental and custodial rights to J.T.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August of 2020, the DHHR filed a child abuse and neglect petition alleging that J.T.'s mother abused controlled substances while pregnant with him and exposed him to her substance abuse. The DHHR alleged that petitioner was aware of the mother's substance abuse, failed to protect the child from that abuse, and was also addicted to controlled substances. Finally, the DHHR alleged that petitioner was incarcerated and failed to provide emotional or financial support for J.T., and, therefore, had abandoned the child. In March of 2021, the circuit court heard petitioner's testimony that he had been unable to provide for J.T.'s care, custody, control, supervision, or necessities due to his incarceration. The court concluded that petitioner demonstrated a settled purpose to forego his parental duties and responsibilities and adjudicated him as an abusing parent. In May of 2021, the circuit court granted petitioner's motion for a post-adjudicatory improvement period, and petitioner was released on parole shortly thereafter.

The circuit court held a final dispositional hearing in March of 2022 and heard evidence on the DHHR's previously filed motion to terminate petitioner's parental rights. The court found that petitioner was referred to random drug screening and parenting classes, but he did not participate in either service due to an alleged lack of transportation. The circuit court considered

---

[1]Petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Allison S. McClure appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

this explanation incongruous with petitioner's actions during the proceedings, as petitioner was able to move from Preston County to Harrison County and to travel to Doddridge County for his employment. The court further found that petitioner was arrested in January of 2022 for violating his parole and charged with failure to register as a sex offender at his new address. The circuit court concluded that petitioner made no effort to comply with the terms of his improvement period and that he was reincarcerated at the time of the final dispositional hearing with no expectation of release until 2023. Upon those findings, the circuit court determined that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse in the near future and that termination of petitioner's parental and custodial rights was necessary for J.T.'s welfare. Accordingly, the circuit court terminated petitioner's parental and custodial rights to J.T. by its April 15, 2022, order. Petitioner now appeals that order.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in adjudicating him as an abusing parent. "[West Virginia Code § 49-4-601(i)], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence].'" Syl. Pt. 1, in part, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (citations omitted). An abusing parent is a "parent . . . whose conduct . . . constitute[s] child abuse and neglect as alleged in the petition charging child abuse and neglect." W. Va. Code § 49-1-201. Further, a "neglected child" is defined as a child "[w]ho is presently without necessary food, clothing, shelter, medical care, education, or supervision because of the . . . absence of the child's parent." *Id.* Here, petitioner admitted that he was unable to provide for J.T. while incarcerated and, critically, that the mother abused controlled substances and neglected J.T. while petitioner was incarcerated. We agree with the circuit court that this clear and convincing evidence supports the adjudication of petitioner as an abusing parent.

Petitioner also argues that the circuit court erred in terminating his parental rights and asserts that the circuit court erred in finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future. Upon our review, we find no error in the circuit court's findings. *See id.* § 49-4-604(c)(6) (authorizing the termination of parental rights upon said findings). The circuit court's order clearly provides that petitioner failed to participate in the terms of his improvement period and, by his own actions, was reincarcerated. *See id.* § 49-4-604(d)(1) (providing that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when the parent has "failed to follow through with a reasonable family case plan"). Accordingly, we find no error in the circuit court's decision to terminate petitioner's parental rights to the child. *See also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed . . . when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected").

---

[3]According to the parties, the mother voluntarily relinquished her parental rights. The permanency plan for J.T. is adoption in his current placement.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 15, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn